UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTANA CREDIT OPPORTUNITIES FUND SPC, ALTANA CREDIT OPPORTUNITIES FUND 1 SP, and ALTANA FUNDS LTD. CAYMAN,<br><br>                      Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                      Defendant. | Case No. 1:20-cv-8402-AT<br>[rel. 1:19-cv-3123 (AT)]<br><br>**AMENDED COMPLAINT** |

Plaintiffs Altana Credit Opportunities Fund SPC, Altana Credit Opportunities Fund 1 SP, and Altana Funds Ltd. Cayman, for their amended complaint against the Bolivarian Republic of Venezuela ("Venezuela"), allege as follows:

## NATURE OF THE ACTION

1. This is a breach-of-contract action arising out of Venezuela's failure to pay principal, interest, or both, on a series of bonds (collectively, the "Bonds") pursuant to which Plaintiffs, an investment company, its fund, and its investment adviser and manager, beneficially hold obligations with a stated principal amount as shown in Schedule 1 (Exhibit A).

2. Venezuela issued the Bonds and sold them to investors under certain "fiscal agency agreements," which it executed in 1997 (the "1997 FAA"), 1998 (the "1998 FAA"), and 2001 (the "2001 FAA") (collectively, "the FAAs"). In the FAAs and Bonds themselves, Venezuela unconditionally promised to make regularly scheduled principal and interest payments.

3. Venezuela failed to do so, defaulting on its payment obligations.

4. Specifically, beginning in October 2017, Venezuela failed to make required semi-annual interest payments on the Bonds as those payments became due. It has not made any required interest payments since then. Moreover, Venezuela has failed to pay the principal in full as required on the Bonds that have since matured, including through acceleration.

5. Thus, as this Court has concluded in related cases, Venezuela has breached its contractual obligations and judgment should be entered for Plaintiffs. *See Casa Express Corp. v. Bolivarian Republic of Venezuela*, 2020 WL 5817282, at *1 (S.D.N.Y. Sept. 30, 2020) (Torres, J.) (denying Venezuela's motion for stay and granting plaintiffs' motion for summary judgment on breach-of-contract claims); *Contrarian Capital Mgmt., L.L.C. v. Bolivarian Republic of Venezuela*, 2020 WL 5849013, at *1 (S.D.N.Y. Oct. 1, 2020) (Torres, J.) (same).

## PARTIES

6. Altana Credit Opportunities Fund SPC ("ACOF SPC") is an exempted company incorporated in the Cayman Islands, with its principal place of business in the Cayman Islands.

7. Altana Credit Opportunities Fund 1 SP ("ACOF 1 SP") is a segregated portfolio of ACOF SPC, incorporated in the Cayman Islands, with its principal place of business in the Cayman Islands.

8. ACOF 1 SP, and ACOF SPC as its parent company, are beneficial owners of the Bonds.

9. Altana Funds Ltd. Cayman ("Altana") is a company incorporated in the Cayman Islands, with its principal place of business in the Cayman Islands.

10. Altana acts as investment adviser and manager for ACOF SPC, and its fund, ACOF 1 SP, and receives payment for that work. Altana does not beneficially hold the Bonds but brings this suit to recover the due and unpaid principal and interest on the Bonds to which ACOF SPC and ACOF 1 SP are entitled.

11. Venezuela is a "foreign state" as defined in 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action under 28 U.S.C. § 1330 and 28 U.S.C. § 1605 because this is a nonjury civil action against a foreign state that is not entitled to sovereign immunity.

13. Venezuela has explicitly and unconditionally waived sovereign immunity in the FAAs and the Bonds for actions arising out of the FAAs, the Bonds, or any coupon appertaining thereto. Venezuela is therefore not entitled to immunity under 28 U.S.C. §§ 1605-07, as there is an express exception to sovereign immunity where the foreign state has waived its immunity, *id.* at § 1605(a)(1).

14. Venezuela also is not entitled to sovereign immunity because its bond-related conduct constitutes commercial activity in the United States within the express exception to immunity for commercial activities under 28 U.S.C. § 1605(a)(2). Venezuela marketed the Bonds in the United States, offered them for sale in the United States, allowed them to be traded in the United States, promised to make payments on them in the United States, directed the actions of its fiscal agents located in the United States, and failed to make payments of principal and interest in the United States, thus engaging in commercial activity in the United States. Venezuela's commercial activities elsewhere also caused direct effects in the United States, including its failure to pay principal and interest and related damages from Venezuela's breach of its payment obligations on the Bonds.

15. Venezuela appointed the Consul General of Venezuela, or, in the Consul's absence or incapacity, any official of the Consulate of Venezuela, which maintains offices at 7 East 51st Street, New York, New York 10022, as its authorized agent for service of process.

16. Venue is proper because Venezuela consented to and irrevocably waived any objection to venue in this District. Venue is also proper under 28 U.S.C. § 1391(f)(1) because a substantial part of the events and omissions giving rise to this claim arose in this District. Moreover, Venezuela waived any defense that this Court would be an inconvenient forum for this action.

## FACTUAL ALLEGATIONS

### A. The FAAs, Bonds, And Bond Offering Documents

17. The 1997 FAA is a contract entered into as of September 3, 1997 among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and the Chase Manhattan Bank as fiscal agent. The 1997 FAA is governed by the laws of the State of New York without regard to conflicts of laws principles (other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela).

18. The 1998 FAA is a contract entered into as of August 6, 1998 among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and the Chase Manhattan Bank, as fiscal agent. The parties to the 1998 FAA amended that contract in amendments dated January 14, 2004 and September 29, 2004. The 1998 FAA, as amended, is governed by the laws of the State of New York without regard to conflicts of laws principles (other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela).

19. The 2001 FAA is a contract entered into among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and Deutsche Bank AG and Bankers Trust Company as fiscal agents and principal paying agents. The parties to the 2001 FAA amended that contract with three amendments entered into as of September 19, 2003, March 21, 2005, and December 17, 2007. The 2001 FAA, as amended, is governed by the laws of the State of New

York without regard to conflicts of laws principles (other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela).

20. Venezuela issued the Bonds under the 1997 FAA, the 1998 FAA, or the 2001 FAA.

21. The principal amount, interest rate, maturity, and other terms are set forth in the Bonds.

22. Certain terms are also summarized in the respective Bond offering documents.

23. In the respective FAAs, Venezuela pledged its full faith and credit for the due and punctual payment of all Bonds issued under those agreements.

### B. Venezuela's Non-Payment On The Bonds

24. Beginning in October 2017, Venezuela failed to make required semi-annual interest payments on the Bonds.

25. Since October 2017, Venezuela has not made any of the required semi-annual interest payments on the Bonds.

26. Since October 2017, Venezuela has failed to pay the entire principal amount on the Bonds that have matured, including through acceleration.

27. On information and belief, on December 6, 2018, a group of creditors holding 25% or more in aggregate outstanding principal amount of the 9.375% 2034 Bonds accelerated those bonds, rendering immediately due and payable the full amount of all unpaid principal and interest.

28. Under the terms of the Bonds, coupon interest continues to accrue whether or not their maturity date has passed.

29. Venezuela's failure to pay principal, interest, or both, currently owing on the Bonds has continued for more than 30 days. As a result, an event of default exists under the Bonds' terms.

30. On October 8, 2020, as amended on November 5, 2020, Plaintiffs sent to Venezuela, by written notices to the respective fiscal agents identified in the Bonds, a demand for the payment of the overdue and unpaid principal and interest described above. A true and accurate copy of this demand is set forth, respectively, as Exhibit B (Oct. 8) and Exhibit C (Nov. 5).

31. On October 8, 2020, as amended on November 5, 2020, Plaintiffs also sent to Venezuela the same demand, to representatives of both Nicolás Maduro and Juan Guaidó. A true and accurate copy of this demand is set forth, respectively, as Exhibit D (Oct. 8) and Exhibit E (Nov. 5), and Exhibit F (Oct. 8) and Exhibit G (Nov. 5).

32. Plaintiffs have performed all obligations they may have under the FAAs or any Bonds issued thereunder.

33. As the beneficial owners of an interest in principal in each of the Bonds, Plaintiffs have claims for damages, in no event less than the contractually required interest payments and repayment of principal.

34. In the event Venezuela continues to fail to make required semi-annual interest payments or principal payments on the Bonds after the filing of this complaint, the claims for damages here encompass those missed payments as well.

35. The Bonds require Venezuela to pay all of Plaintiffs' reasonable and documented out-of-pocket expenses, including reasonable counsel fees and court costs, incurred in connection with any "reasonable investigation of any such Event of Default or the enforcement

of the Securities." Accordingly, in addition to the damages above, Venezuela owes Plaintiffs their costs and attorneys' fees for preparing and bringing this action.

## COUNT 1

### BREACH OF CONTRACT ON THE 7.75% 2019 BONDS

36. All foregoing paragraphs are incorporated by reference herein.

37. The 7.75% 2019 Bonds are valid and enforceable promissory notes executed by Venezuela.

38. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 7.75% 2019 Bonds.

39. Venezuela failed to make required semi-annual interest payments due to Plaintiffs on the 7.75% 2019 Bonds.

40. Venezuela failed to pay Plaintiffs the entire principal amount of the 7.75% 2019 Bonds.

41. Venezuela therefore owes Plaintiffs the entire principal amount of their 7.75% 2019 Bonds, plus accrued interest, prejudgment interest, and post-judgment interest.

## COUNT 2

### BREACH OF CONTRACT ON THE 6.00% 2020 BONDS

42. All foregoing paragraphs are incorporated by reference herein.

43. The 6.00% 2020 Bonds are valid and enforceable promissory notes executed by Venezuela.

44. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 6.00% 2020 Bonds.

45. Venezuela failed to make required semi-annual interest payments due to Plaintiffs on the 6.00% 2020 Bonds.

46. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 6.00% 2020 Bonds, plus prejudgment and post-judgment interest.

## COUNT 3

### BREACH OF CONTRACT ON THE 12.75% 2022 BONDS

47. All foregoing paragraphs are incorporated by reference herein.

48. The 12.75% 2022 Bonds are valid and enforceable promissory notes executed by Venezuela.

49. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 12.75% 2022 Bonds.

50. Venezuela failed to make required semi-annual interest payments due to Plaintiffs on the 12.75% 2022 Bonds.

51. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 12.75% 2022 Bonds, plus prejudgment and post-judgment interest.

## COUNT 4

### BREACH OF CONTRACT ON THE 9.00% 2023 BONDS

52. All foregoing paragraphs are incorporated by reference herein.

53. The 9.00% 2023 Bonds are valid and enforceable promissory notes executed by Venezuela.

54. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 9.00% 2023 Bonds.

55. Venezuela failed to make required interest payments due to Plaintiffs on the 9.00% 2023 Bonds.

56. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 9.00% 2023 Bonds, plus prejudgment and post-judgment interest.

## COUNT 5

### BREACH OF CONTRACT ON THE 8.25% 2024 BONDS

57. All foregoing paragraphs are incorporated by reference herein.

58. The 8.25% 2024 Bonds are valid and enforceable promissory notes executed by Venezuela.

59. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 8.25% 2024 Bonds.

60. Venezuela failed to make required interest payments due to Plaintiffs on the 8.25% 2024 Bonds.

61. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 8.25% 2024 Bonds, plus prejudgment and post-judgment interest.

## COUNT 6

### BREACH OF CONTRACT ON THE 7.65% 2025 BONDS

62. All foregoing paragraphs are incorporated by reference herein.

63. The 7.65% 2025 Bonds are valid and enforceable promissory notes executed by Venezuela.

64. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 7.65% 2025 Bonds.

65. Venezuela failed to make required interest payments due to Plaintiffs on the 7.65% 2025 Bonds.

66. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 7.65% 2025 Bonds, plus prejudgment and post-judgment interest.

## COUNT 7

### BREACH OF CONTRACT ON THE 11.75% 2026 BONDS

67. All foregoing paragraphs are incorporated by reference herein.

68. The 11.75% 2026 Bonds are valid and enforceable promissory notes executed by Venezuela.

69. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 11.75% 2026 Bonds.

70. Venezuela failed to make required semi-annual interest payments due to Plaintiffs on the 11.75% 2026 Bonds.

71. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 11.75% 2026 Bonds, plus prejudgment and post-judgment interest.

## COUNT 8

### BREACH OF CONTRACT ON THE 9.25% 2027 BONDS

72. All foregoing paragraphs are incorporated by reference herein.

73. The 9.25% 2027 Bonds are valid and enforceable promissory notes executed by Venezuela.

74. Plaintiffs have performed all obligations they may have under the 1997 FAA and the 9.25% 2027 Bonds.

75. Venezuela failed to make required semi-annual interest payments due to Plaintiffs on the 9.25% 2027 Bonds.

76. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 9.25% 2027 Bonds, plus prejudgment and post-judgment interest.

## COUNT 9

### BREACH OF CONTRACT ON THE 9.25% 2028 BONDS

77. All foregoing paragraphs are incorporated by reference herein.

78. The 9.25% 2028 Bonds are valid and enforceable promissory notes executed by Venezuela.

79. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 9.25% 2028 Bonds.

80. Venezuela failed to make required semi-annual interest payments due to Plaintiffs on the 9.25% 2028 Bonds.

81. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 9.25% 2028 Bonds, plus prejudgment and post-judgment interest.

## COUNT 10

### BREACH OF CONTRACT ON THE 11.95% 2031 BONDS

82. All foregoing paragraphs are incorporated by reference herein.

83. The 11.95% 2031 Bonds are valid and enforceable promissory notes executed by Venezuela.

84. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 11.95% 2031 Bonds.

85. Venezuela failed to make required interest payments due to Plaintiffs on the 11.95% 2031 Bonds.

86. Venezuela therefore owes Plaintiffs the accrued unpaid interest on the 11.95% 2031 Bonds, plus prejudgment and post-judgment interest.

## COUNT 11

### BREACH OF CONTRACT ON THE 9.375% 2034 BONDS

87. All foregoing paragraphs are incorporated by reference herein.

88. The 9.375% 2034 Bonds are valid and enforceable promissory notes executed by Venezuela.

89. Plaintiffs have performed all obligations they may have under the 1998 FAA and the 9.375% 2034 Bonds.

90. Venezuela failed to make required interest payments due to Plaintiffs on the 9.375% 2034 Bonds.

91. Venezuela failed to pay Plaintiffs the entire principal amount of the 9.375% 2034 Bonds, which, on information and belief, were accelerated on December 6, 2018.

92. Venezuela therefore owes Plaintiffs the entire principal amount of their 9.375% 2034 Bonds, plus accrued unpaid interest, prejudgment interest, and post-judgment interest.

## COUNT 12

### BREACH OF CONTRACT ON THE 7.00% 2038 BONDS

93. All foregoing paragraphs are incorporated by reference herein.

94. The 7.00% 2038 Bonds are valid and enforceable promissory notes executed by Venezuela.

95. Plaintiffs have performed all obligations they may have under the 2001 FAA and the 7.00% 2038 Bonds.

96. Venezuela failed to make required interest payments due to Plaintiffs on the 7.00% 2038 Bonds.

97. Venezuela therefore owes Plaintiffs the accrued unpaid interest on its 7.00% 2038 Bonds, plus prejudgment interest and post-judgment interest.

**PRAYER FOR RELIEF**

Plaintiffs respectfully requests that the Court enter judgment in its favor and against Venezuela as follows:

A. Declaring that the 1997 FAA, the 1998 FAA, the 2001 FAA, and each Bond is an enforceable, valid, and unconditional obligation owed by Venezuela;

B. Declaring that Venezuela has breached the 1997 FAA, the 1998 FAA, the 2001 FAA, and the terms of each of the Bonds, by failing to pay Plaintiffs the contractually required interest payments and repayment of principal;

C. Awarding damages to Plaintiffs in an amount to be proven, but in no event less than the contractually required interest payments and repayment of principal;

D. Awarding Plaintiffs their fees and costs, including attorneys' fees, as permitted by law;

E. Awarding Plaintiffs prejudgment and post-judgment interest; and

F. Awarding Plaintiffs other and further relief as the Court deems just and equitable.

November 5, 2020

Respectfully submitted.

*/s/ David W. Bowker*
DAVID W. BOWKER
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC  20006
(202) 663-6558
david.bowker@wilmerhale.com
*Counsel for Plaintiffs*