WILMERHALE

November 11, 2020

**David W. Bowker**

+1 202 663 6558 (t)
+1 202 663 6363 (f)
david.bowker@wilmerhale.com

**By ECF and Email**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007
Torres_NYSDChambers@nysd.uscourts.gov

> Re:  *Altana Credit Opportunities Fund SPC et al. v. Bolivarian Republic of Venezuela*,
>      No. 1:20-cv-8402-AT [rel. 1:19-cv-3123-AT]

Dear Judge Torres,

On behalf of our clients—Altana Credit Opportunities Fund SPC, Altana Credit

Opportunities Fund 1 SP, and Altana Funds Ltd. Cayman (collectively, "Plaintiffs")—I

respectfully submit this pre-motion letter under Rules I.B and III.A of your Honor's Individual

Practices.  As set forth below, Plaintiffs seek entry of an order authorizing service of the

summons and complaint on the Bolivarian Republic of Venezuela ("Venezuela") via diplomatic

channels under 28 U.S.C. § 1608(a)(4)—which, according to Venezuela, is the "only method" of

service currently available.  For service under Section 1608(a)(4), the Foreign Mailing

Instructions of the Clerk of this Court direct parties to present a letter of request to the Clerk.  *See*

Clerk's Office, *Foreign Mailing Instructions*, at 12.  But Plaintiffs respectfully submit this pre-

motion letter to the Court first, in an abundance of caution, to ensure service is properly effected

under the Foreign Sovereign Immunities Act of 1976 ("FSIA").

**1.  Background.**  Plaintiffs are beneficial owners of bonds issued by Venezuela.  *See,*

*e.g.*, Am. Compl. ¶ 1, Dkt. 12.  As your Honor is aware from related cases, Venezuela has failed

since October 2017 to pay owed principal on those bonds that have matured, and has also failed

WILMERHALE

The Honorable Analisa Torres
November 11, 2020
Page 2

to pay owed interest in accordance with the bonds' terms.  *See, e.g.*, *Contrarian Capital Mgmt., L.L.C. v. Bolivarian Republic of Venezuela*, 2020 WL 5849013, at *1 (S.D.N.Y. Oct. 1, 2020) (Torres, J.).  Plaintiffs filed their complaint in this action on October 8, 2020, and filed an amended complaint on November 5, 2020, asserting claims for breach of contract with respect to the owed principal and interest payments.

As your Honor also knows, there have been important political developments in Venezuela that have caused the U.S. government to make certain political determinations that are binding on U.S. courts.  On January 23, 2020, President Donald Trump announced that the United States would no longer recognize Nicolás Maduro as President of Venezuela and instead recognizes National Assembly President Juan Guaidó as the "Interim President of Venezuela." The White House, *Statements and Releases:  Statement from President Donald J. Trump Recognizing Venezuelan National Assembly President Juan Guaido as the Interim President of Venezuela* (Jan. 23, 2019).[*]  Thus, as this Court has recognized, "[t]he United States government recognizes Juan Guaidó as the legitimate president of Venezuela," and "[t]hat determination is binding on this Court."  *Contrarian Capital Mgmt., L.L.C.*, 2020 WL 5849013, at *2.

**2.  Argument.**  The FSIA provides at 28 U.S.C. § 1608(a) the exclusive rules for service of process on a foreign state like Venezuela.  Under the FSIA, a plaintiff must "'attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on.'"  *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 773 (D.C. Cir. 2012).

---

[*]    *Available at* https://www.whitehouse.gov/briefings-statements/statement-president-donald-j-trump-recognizing-venezuelan-national-assembly-president-juan-guaido-interim-president-venezuela/.

WILMERHALE

The Honorable Analisa Torres
November 11, 2020
Page 3

Venezuela has stated—expressly and unequivocally—that three of the four possible

methods of service under the FSIA are unavailable and that "[t]he *only* method of service

currently available against the Republic is set forth in § 1608(a)(4), which allows for service

through diplomatic channels."  Memorandum in Support of Motion to Vacate Certificate of

Default & Dismiss for Lack of Personal Jurisdiction at 17, *Lovati et al. v. Bolivarian Republic of*

*Venezuela*, No. 19-cv-4796-ALC (S.D.N.Y. Mar. 13, 2020), Dkt. 44 (emphasis added) (hereafter

"Venezuela *Lovati* Br.").  As explained below, all the other methods, as set forth in Sections

1608(a)(1)-(3), are unavailable.

*First*, while the bonds at issue do contain a "special arrangement," 28 U.S.C.

§ 1608(a)(1)—for service on Venezuela by bondholders, allowing for service on the Consulate

General or an alternative agent to accept service of process in New York—Venezuela has

declared that this method of service is unavailable.  That is because, as Venezuela has

acknowledged, it has closed the Consulate General and breached "its contractual promise to

maintain its Consulate in New York or an alternate agent to accept service of process."  Def.'s

Reply in Support of Motion to Vacate Certificate of Default & Dismiss for Lack of Personal

Jurisdiction 1, *Lovati*, No. 19-cv-4796-ALC, Dkt. 48.

*Second*, under Section 1608(a)(2), a plaintiff may attempt to serve a copy of the summons

and complaint in accordance with an applicable international convention.  Venezuela is a

signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial

Documents in Civil or Commercial Matters, which requires each signatory to "establish a central

WILMERHALE

The Honorable Analisa Torres
November 11, 2020
Page 4

authority to receive requests for service of documents from other countries." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988).  As courts have recognized, however, "Venezuela has failed to comply with its obligations to receive and transmit service papers under that framework." *Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*, 2018 WL 6605633, at *3, *5 (D.D.C. Dec. 17, 2018).  But in any event, as Venezuela has made clear, "service under the Hague Convention, or by delivery to the Ministry of Foreign Affairs" is unavailable because it "would require the Court to recognize the actions and decrees of the Maduro regime, in contravention of the Executive's exclusive recognition of Juan Guaidó."  Venezuela *Lovati* Br. 17.

     *Third*, the FSIA would then require service by mail under Section 1608(a)(3).  But as this Court has recognized, Venezuela expressly objected to service by mail when it acceded to the Hague Convention; as a result, Section 1608(a)(3) "appear[s] to be 'categorically unavailable.'" Order 2, *Casa Express Corp. v. Bolivarian Republic of Venezuela*, No. 18-cv-11940-AT (S.D.N.Y. Apr. 3, 2019), Dkt. 22 (quoting *Azadeh v. Government of Islamic Republic of Iran*, 318 F. Supp. 3d 90, 99 (D.D.C. 2018)).  Moreover, again, Venezuela takes the express position that this method of service is unavailable.  Venezuela *Lovati* Br. 17.

     Thus, for the foregoing reasons, Plaintiffs respectfully request that the Court order them to effect service through the U.S. Department of State under Section 1608(a)(4), given the unavailability of the other methods of service prescribed by the FSIA.

         *       *       *

WILMERHALE

The Honorable Analisa Torres
November 11, 2020
Page 5

Because Plaintiffs have not yet served Venezuela, Plaintiffs do not know if Venezuela is

represented by counsel in this matter.  Given that we have previously corresponded with

Venezuela's counsel in a related case, however, we have copied them on this letter.

Sincerely,

*/s/ David W. Bowker*
David W. Bowker

cc:     Kent A. Yalowitz
        kent.yalowitz@arnoldporter.com

        E. Whitney Debevoise
        whitney.debevoise@arnoldporter.com