WILMERHALE

September 22, 2021

**By ECF and Email**

David W. Bowker

+1 202 663 6558 (t)
+1 202 663 6363 (f)
david.bowker@wilmerhale.com

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov

    Re:  *Altana Credit Opportunities Fund SPC et al. v. Bolivarian Republic of Venezuela*,
           No. 1:20-cv-8402-AT [rel. 1:19-cv-3123-AT]
           Pre-Motion Letter for Leave to File Third Amended Complaint

Dear Judge Torres,

On behalf of our clients—Altana Credit Opportunities Fund SPC, Altana Credit Opportunities Fund 1 SP, and Altana Funds Ltd. Cayman (collectively, "Plaintiffs")—I respectfully submit this pre-motion letter, pursuant to Rule III.A of your Honor's Individual Practices, for leave to file a Third Amended Complaint. The Third Amended Complaint is enclosed here as Exhibit 1.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Under this liberal standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Colbert v. Rio Tinto PLC*, 2019 WL 10960490, at *5 (S.D.N.Y. July 29, 2019) (Torres, J.).

This liberal standard is satisfied here, as it was when the Court granted Plaintiffs' request to file their Second Amended Complaint on January 21, 2021 (Dkt. 23). Since then, Plaintiffs

WILMERHALE

The Honorable Analisa Torres
September 22, 2021
Page 2

have amended their positions on the bonds at issue in this case, for which Defendant, the Bolivarian Republic of Venezuela ("Venezuela"), has failed to make required interest and principal payments.  Thus, the Third Amended Complaint reflects the most current status of Plaintiffs' bond positions and claims.  There is no issue of undue delay or bad faith.  Nor is there any potential prejudice to Venezuela.  Venezuela was served in this case in accordance with the Foreign Sovereign Immunities Act ("FSIA") on May 21, 2021.  Dkt. 31.  But Venezuela defaulted on its obligation to respond to the Second Amended Complaint—notwithstanding a 60-day extension of its deadline to do so (Dkt. 34)—and has not appeared in this case.

Subject to the Court's ruling on this request for leave, Plaintiffs respectfully submit that they should not be required to serve the Third Amended Complaint on Venezuela.  As noted, Venezuela has already been served in accordance with the FSIA.  And under Federal Rule of Civil Procedure 5, "[n]o service" of other papers, including "a pleading filed after the original complaint," "is required on a party who is in default for failing to appear."  Fed. R. Civ. P. 5(a)(1)(B), (2).  Here, Venezuela has already defaulted—twice:  first, 60 days after service of the Second Amended Complaint (Dkt. 33), and second, after the additional 60-day extension that Plaintiffs proposed and the Court ordered (Dkts. 33, 34).  The Clerk of the Court, accordingly, has issued a Certificate of Default.  Dkt. 39.  Moreover, the Third Amended Complaint is "substantially similar" to the Second Amended Complaint.  *Absolute Activist Master Value Fund, Ltd. v. Ficeto*, 2013 WL 1286170, at *15 (S.D.N.Y. Mar. 28, 2013) ("Pursuant to Rule 5(a)(2), no service is required when an amended complaint is substantially similar to the prior

WILMERHALE

The Honorable Analisa Torres
September 22, 2021
Page 3

pleading."); *see also Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009) ("The Court will not require the plaintiff to serve the amended complaint," "essentially the same" as the prior complaint, on the foreign sovereign, Iran.). Both complaints state only breach-of-contract claims; the Third Amended Complaint simply amends Plaintiffs' positions on the bonds at issue, including an additional breach-of-contract count on one bond, and thus does not "substantially change the allegations in the original complaint" and does not "add new defendants." *Belkin*, 667 F. Supp. 2d at 20.

Finally, Plaintiffs propose staying the Court's existing deadline to submit a joint letter and proposed case management plan—currently, September 30, 2021 (Dkt. 34), premised on Venezuela not being in default—unless and until Venezuela appears in this case.

Because Venezuela has not yet appeared in this case and is in default, Plaintiffs do not know if Venezuela is represented by counsel in this matter; nor do Plaintiffs know Venezuela's position on this request. As with prior filings in this case, given that we have previously corresponded with Venezuela's counsel in a related case, we have copied them on this letter.

WILMERHALE

The Honorable Analisa Torres
September 22, 2021
Page 4

Sincerely,

*/s/ David W. Bowker*
David W. Bowker

cc: Kent A. Yalowitz
kent.yalowitz@arnoldporter.com

E. Whitney Debevoise
whitney.debevoise@arnoldporter.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTANA CREDIT OPPORTUNITIES FUND SPC, ALTANA CREDIT OPPORTUNITIES FUND 1 SP, and ALTANA FUNDS LTD. CAYMAN, <br><br>                              Plaintiffs, <br><br>      -against- <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br>                              Defendant. | 20 Civ. 8402 (AT) <br> [rel. 19 Civ. 2123 (AT)] <br><br> **[PROPOSED] ORDER** |

It is hereby ORDERED that Plaintiffs' request for leave to file their Third Amended Complaint is granted. It is FURTHER ORDERED that Plaintiffs are not required to serve Defendant with the Third Amended Complaint. It is FURTHER ORDERED that the deadline for the parties to submit their joint letter and proposed case management plan is STAYED unless and until Defendant appears in this case.

SO ORDERED.

Dated: _____, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge