WilmerHale

October 8, 2021

**By ECF and Email**

David W. Bowker

+1 202 663 6558 (t)
+1 202 663 6363 (f)
david.bowker@wilmerhale.com

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov

> Re:   *Altana Credit Opportunities Fund SPC et al. v. Bolivarian Republic of Venezuela*, No. 1:20-cv-8402-AT [rel. 1:19-cv-3123-AT]
> Request for Waiver of the Court's Procedures for Entry of Default Judgment

Dear Judge Torres:

On behalf of our clients—Altana Credit Opportunities Fund SPC, Altana Credit Opportunities Fund 1 SP, and Altana Funds Ltd. Cayman (collectively, "Plaintiffs")—I respectfully submit this letter regarding the Court's procedures for entry of default judgment. Defendant Bolivarian Republic of Venezuela has not filed a response or appeared in this case despite having been validly served. *See* Dkt. 39 (Clerk's Certificate of Default). Therefore, Plaintiffs intend to move for the Court's entry of default judgment in due course and respectfully request that, in light of the substantial burden and delay associated with serving Venezuela through diplomatic channels, the Court waive the default judgment procedures contained in Attachment A of the Court's Individual Practices in Civil Cases and instead adhere to the service and notice procedures set forth in the Foreign Sovereign Immunities Act ("FSIA"). The Court granted precisely the same relief in *Pharo Gaia Fund Ltd. v Bolivarian Republic of Venezuela*, No. 1:20-cv-08497, Dkt. 30 ("[T]he procedures in Attachment A of the Court's Individual Practices in Civil Cases are WAIVED."), and it should do the same here.

WilmerHale

The Honorable Analisa Torres
October 8, 2021
Page 2

Under this Court's ordinary procedures for default judgment, an application for default judgment proceeds via an order to show cause, which is served upon the defendant with a direction to appear at a set time and place to show cause why default judgment should not be entered against it.  Proceeding by an order to show cause in this case is not required by the federal rules, which provide only that, "[i]f a party against whom a default judgment is sought *has appeared personally or by a representative*, that party or its representative must be served with written notice of the application at least 7 days before the hearing."  Fed. R. Civ. P. 55(b)(2) (emphasis added).  Just as in *Pharo Gaia*, Venezuela has not "appeared personally or by a representative," even though it has been validly served.  And the FSIA also does not require notice of default to be served on a foreign sovereign, but rather requires only service of the final default judgment.  *See* 28 U.S.C. § 1608(e).

Moreover, requiring another round of service upon Venezuela would unduly delay or frustrate this proceeding.  As the Court is aware, service upon Venezuela is a long and burdensome process.  It took more than four months from the time the Clerk mailed the Second Amended Complaint and accompanying documents and translations to the U.S. Department of State for Plaintiffs (and the Court) to receive notice that service upon Venezuela was completed.  *See* Dkts. 25 (Clerk's Certificate of Mailing filed on February 10, 2021), 30 (Clerk's receipt of the Department of State's Certificate of Mailing filed on June 23, 2021).  There is no reason to expect that service of an order to show cause would occur on a more expedited basis, pushing

WILMERHALE

The Honorable Analisa Torres
October 8, 2021
Page 3

back the time for entry of judgment by, at least, several months when Plaintiffs have already faced significant delay due to Venezuela's default.[1]

Venezuela has received notice of this lawsuit but has elected not to answer or appear. Plaintiffs have already obtained the Clerk's Certificate of Default.  Dkt. 39.[2]  Entry of judgment should not be further delayed.  Plaintiffs therefore respectfully request that the Court waive the default judgment procedures contained in Attachment A of the Court's Individual Practices in Civil Cases, just as it did in *Pharo Gaia*, and permit Plaintiffs to move for default judgment without requiring an order to show cause.  Plaintiffs will thereafter effect service of the final judgment on Venezuela in accordance with the FSIA.

Sincerely,

*/s/ David W. Bowker*
David W. Bowker

---

[1]   In this case, Venezuela has in fact defaulted thrice: first, 60 days after service of the Second Amended Complaint (Dkt. 33); second, after the additional 60-day extension that Plaintiffs proposed and the Court ordered (Dkts. 33, 34); and third, 14 days after Plaintiffs' filing of the Third Amended Complaint (Dkt. 42).

[2]   The Certificate of Default concerned the Second Amended Complaint (Dkt. 39), and Plaintiffs have since filed a Third Amended Complaint with the Court's leave (Dkt. 41).  Plaintiffs need not seek an additional Certificate of Default as to the Third Amended Complaint, as the Court has held that service of the Third Amended Complaint is not required.  *Id.*; *see also Olvera v. New Ko-Sushi*, 2011 WL 724699, at *2 (S.D.N.Y. Feb. 16, 2011) ("[T]o require the plaintiffs to file for an additional certificate of default would only delay resolution of the motion [for default judgment] and would not further safeguard the defendants' rights.")