WilmerHale

November 30, 2021

**By ECF and Email**

David W. Bowker

+1 202 663 6558 (t)
+1 202 663 6363 (f)
david.bowker@wilmerhale.com

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007
Torres_NYSDChambers@nysd.uscourts.gov

> Re: *Altana Credit Opportunities Fund SPC et al. v. Bolivarian Republic of Venezuela*, No. 1:20-cv-8402-AT [rel. 1:19-cv-3123-AT]
> Pre-Motion Letter for Leave to File Fourth Amended Complaint and Extend the Deadline to File Motion for Default Judgment

Dear Judge Torres,

On behalf of our clients—Altana Credit Opportunities Fund SPC, Altana Credit Opportunities Fund 1 SP, and Altana Funds Ltd. Cayman (collectively, "Plaintiffs")—I respectfully submit this pre-motion letter, pursuant to Rule III.A of your Honor's Individual Practices, for leave to file a Fourth Amended Complaint. The Fourth Amended Complaint is enclosed here as Exhibit 1. Plaintiffs also seek an extension of the existing deadline to file their forthcoming motion for default judgment.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Under this liberal standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Colbert v. Rio Tinto PLC*, 2019 WL 10960490, at *5 (S.D.N.Y. July 29, 2019) (Torres, J.).

WILMERHALE

The Honorable Analisa Torres
November 30, 2021
Page 2

This liberal standard is satisfied here, as it was when the Court granted Plaintiffs' requests to file their Second Amended Complaint on January 21, 2021 (Dkt. 23), and their Third Amended Complaint on September 23, 2021 (Dkt. 41).  Since filing the Third Amended Complaint, Plaintiffs have amended their positions on the bonds at issue in this case, for which Defendant, the Bolivarian Republic of Venezuela ("Venezuela"), has failed to make required interest and principal payments.  Thus, the Fourth Amended Complaint reflects the most current status of Plaintiffs' bond positions and claims.  As with Plaintiffs' prior amended complaints, there is no issue of undue delay or bad faith.  Nor is there any potential prejudice to Venezuela.  Venezuela was served with the Second Amended Complaint in accordance with the Foreign Sovereign Immunities Act ("FSIA") on May 21, 2021.  Dkt. 31.  But Venezuela defaulted on its obligation to respond to the Second and Third Amended Complaints and still has not appeared in this case.

Subject to the Court's ruling on this request for leave, Plaintiffs respectfully submit that they should not be required to serve the Fourth Amended Complaint on Venezuela—just as the Court ruled with respect to the same request as to the Third Amended Complaint (Dkt. 41).  As noted, Venezuela has already been served in accordance with the FSIA.  And under Federal Rule of Civil Procedure 5, "[n]o service" of other papers, including "a pleading filed after the original complaint," "is required on a party who is in default for failing to appear."  Fed. R. Civ. P. 5(a)(1)(B), (2).  Here, Venezuela has defaulted—thrice:  first, 60 days after service of the Second Amended Complaint (Dkt. 33); second, after the additional 60-day extension that Plaintiffs

**WILMERHALE**

The Honorable Analisa Torres
November 30, 2021
Page 3

proposed and the Court ordered (Dkts. 33, 34); and third, 14 days after Plaintiffs' filing of the Third Amended Complaint (Dkt. 42)—and the Clerk of the Court has issued a Certificate of Default. Dkt. 39. Moreover, the Fourth Amended Complaint is "substantially similar" to the Second and Third Amended Complaints. *Absolute Activist Master Value Fund, Ltd. v. Ficeto*, 2013 WL 1286170, at *15 (S.D.N.Y. Mar. 28, 2013) ("Pursuant to Rule 5(a)(2), no service is required when an amended complaint is substantially similar to the prior pleading."); *see also Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009) ("The Court will not require the plaintiff to serve the amended complaint," "essentially the same" as the prior complaint, on the foreign sovereign, Iran.). Each of Plaintiffs' complaints states only breach-of-contract claims; the Fourth Amended Complaint simply amends Plaintiffs' positions on the bonds at issue, and thus does not "substantially change the allegations in the original complaint" nor "add new defendants." *Belkin*, 667 F. Supp. 2d at 20.

Finally, Plaintiffs request that the Court extend the existing deadline for Plaintiffs' forthcoming motion for default judgment from December 15, 2021 (Dkt. 48), to January 31, 2022. Plaintiffs seek this extension in order to enable them to move on the operative pleading—subject to the Court's ruling on the request for leave here—and in light of the upcoming holidays and needed coordination between counsel and Plaintiffs, who are international clients. This is Plaintiffs' third request for an extension of this deadline. The Court granted the two prior requests. Dkts. 46, 48.

WILMERHALE

The Honorable Analisa Torres
November 30, 2021
Page 4

Because Venezuela has not yet appeared in this case, Plaintiffs do not know if Venezuela is represented by counsel in this matter; nor do Plaintiffs know Venezuela's position on this request. As with prior filings in this case, given that we have previously corresponded with Venezuela's counsel in a related case, we have copied them on this letter.

Sincerely,


*/s/ David W. Bowker*
David W. Bowker

cc:     Kent A. Yalowitz
        kent.yalowitz@arnoldporter.com

        E. Whitney Debevoise
        whitney.debevoise@arnoldporter.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTANA CREDIT OPPORTUNITIES FUND SPC, ALTANA CREDIT OPPORTUNITIES FUND 1 SP, and ALTANA FUNDS LTD. CAYMAN,

                        Plaintiffs,

-against-

BOLIVARIAN REPUBLIC OF VENEZUELA,

                        Defendant.

20 Civ. 8402 (AT)
[rel. 19 Civ. 2123 (AT)]

**[PROPOSED] ORDER**

It is hereby ORDERED that Plaintiffs' request for leave to file their Fourth Amended Complaint is granted. It is FURTHER ORDERED that Plaintiffs are not required to serve Defendant with the Fourth Amended Complaint. It is FURTHER ORDERED that the deadline for Plaintiffs to submit their motion for default judgment is extended to January 31, 2022.

      SO ORDERED.

Dated: _____, 2021
       New York, New York

                                                          _____
                                                           ANALISA TORRES
                                                     United States District Judge