UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTANA CREDIT OPPORTUNITIES FUND
SPC, ALTANA CREDIT OPPORTUNITIES
FUND 1 SP, and ALTANA FUNDS LTD.
CAYMAN,

                        Plaintiffs,

-against-

BOLIVARIAN REPUBLIC OF VENEZUELA,

                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _7/5/2023_

20 Civ. 8402 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On December 9, 2022, Plaintiffs Altana Credit Opportunities Fund SPC ("ACOF SPC"), Altana Credit Opportunities Fund 1 SP ("ACOF 1 SP"), and Altana Funds Ltd. Cayman ("Altana") moved for a default judgment, ECF No. 65; *see* ECF Nos. 66–69, in this action for breach of contract against Defendant, the Bolivarian Republic of Venezuela ("Venezuela"), 6th Am. Compl. ¶¶ 1–5, ECF No. 62. For the reasons stated below, Plaintiffs' motion for default judgment is GRANTED.

**BACKGROUND**[1]

This case involves fourteen series of bonds (the "Bonds"), issued in 1997, 1998, and 2001. 6th Am. Compl. ¶¶ 1–2, 20. ACOF 1 SP, and ACOF SPC as its parent company, are beneficial owners of the Bonds. *Id.* ¶ 8; ECF No. 66-11; Bowker Decl. ¶¶ 1, 37, 41, 45, 49, 52, 55, 59, 62, 65, 68, 71, 75, 79, 83, ECF No. 66. Altana acts as investment adviser and manager for ACOF 1 SP and ACPF SPC; Altana does not beneficially hold the Bonds but brings this suit to recover the unpaid principal and interest on the Bonds to which ACOF 1 SP and ACOF SPC are entitled. Am. Compl. ¶ 10; Bowker Decl. at 2 ¶ 1 n.3.

---

[1] The facts below are drawn from the affidavits and supporting documents submitted by Plaintiffs. *See Reed v. Islamic Republic of Iran*, 845 F. Supp. 2d 204, 211–12 (D.D.C. 2012).

All series of Bonds were issued pursuant to fiscal agency agreements. Bowker Decl. ¶ 8. Among other things, those agreements provide that Defendant waives its sovereign immunity with respect to claims arising out of the Bonds, consents to be sued in the United States District Court for the Southern District of New York, and agrees that New York law will govern the agreements and the Bonds, as relevant here. *Id.* ¶ 91; *see* ECF No. 66-27 at 25–27; ECF No. 66-28 at 25–28; ECF No. 66-30 at 26–29.

Starting in October 2017, Defendant failed to make contractually required interest payments on each series of Bonds. Bowker Decl. ¶¶ 92–106. Further, Defendant failed to pay the principal on (1) the 1998 FAA 13.625% 2018 Bonds when those bonds matured on August 15, 2018, *id.* ¶ 104; (2) the 2001 FAA 13.625% 2018 Bonds when those bonds matured on August 15, 2018, *id.* ¶ 105; (3) the 7.00% 2018 Bonds when those bonds matured on December 1, 2018, *id.* ¶ 106; (4) the 7.75% 2019 Bonds when those bonds matured on October 13, 2019, *id.* ¶ 93; (5) the 6.00% 2020 Bonds when those bonds matured on December 9, 2020, *id.* ¶ 94; and (6) the 12.75% 2022 Bonds when those bonds matured on August 23, 2022, *id.* ¶ 95. Defendant also failed to pay the principal on (7) the 7.65% 2025 Bonds, which were accelerated on December 22, 2020, in accordance with the relevant agreement, rendering the entire unpaid principal and interest immediately due, *id.* ¶ 98; and (8) the 9.375% 2034 Bonds, which were accelerated on December 6, 2018, in accordance with the relevant agreement, rendering the entire unpaid principal and interest immediately due, *id.* ¶ 103. As of December 9, 2022, the date Plaintiffs moved for a default judgment, Defendant owed Plaintiffs $378,038,956.36. Robinson Decl. ¶ 2, ECF No. 67; Bowker Decl. ¶ 280; *see id.* ¶¶ 243–79.

On October 8, 2020, Plaintiffs brought this breach of contract action to recover the amount owed on the Bonds. ECF No. 1. On February 10, 2021, Defendant was served pursuant to 28 U.S.C. § 1608(a)(4). ECF No. 25. Defendant has not appeared. On September 21, 2021, the Clerk of Court entered a certificate of default. ECF No. 39. On December 9, 2022, Plaintiffs filed the following

documents: (1) a motion for default judgment, ECF No. 65; (2) a declaration from Lee Robinson, Director at Altana, Robinson Decl.; (3) a declaration from Plaintiffs' counsel, David W. Bowker, including exhibits, Bowker Decl.; and (4) a proposed default judgment, ECF No. 69.[2]

## ANALYSIS

I. <u>Jurisdiction</u>

A. Sovereign Immunity

Under FSIA, foreign states are immune from suit, but they can waive that immunity "either explicitly or by implication." 28 U.S.C. §§ 1604, 1605(a)(1). In the fiscal agency agreements governing the bonds at issue here, Defendant expressly waived its sovereign immunity. *See* ECF No. 66-27 at 27; ECF No. 66-28 at 28; ECF No. 66-30 at 29. Accordingly, the Court has jurisdiction to consider Plaintiffs' claims. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 209 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014).

B. Service

Under FSIA, a plaintiff can serve a foreign state by:

> (1) . . . deliver[ing] a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state . . . [(2)] deliver[ing] a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; . . . [(3)] sending a copy of the summons and complaint and a notice of suit, . . . by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or . . . [(4)] sending two copies of the summons and complaint and a notice of suit, . . . by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, . . . [with] the Secretary . . . transmit[ing] one copy of the papers through diplomatic channels to the foreign state and . . . send[ing] to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

---

[2] Plaintiffs also requested that the Court waive its usual practice of proceeding by order to show cause because the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. § 1602, *et seq.*, which requires only service of a default judgment on a foreign state, applies. ECF No. 43. On October 8, 2021, the Court entered an order stating that it would not proceed by order to show cause. ECF No. 44.

28 U.S.C. § 1608(a).  "[A] plaintiff must attempt service by the first method (or determine that it is unavailable) before proceeding to the second method, and so on."  *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 773 (D.C. Cir. 2012) (citations omitted).

Here, service under §§ 1608(a)(1), (2), and (3) is unavailable because as Defendant has admitted in other litigation, "the Consul[ate] General has been recalled, the Consulate has been closed, and no replacement process agent has been appointed."  Bowker Decl. ¶ 26 (citation omitted).  Defendant has formally stated that service under §§ 1608(a)(1), (2), and (3) is unavailable, and "the only method of service currently available against [Venezuela] is set forth in § 1608(a)(4), which allows for service through diplomatic channels."  *Id.* (cleaned up).  Accordingly, service on Defendant, effected by the Clerk of Court mailing two copies of the second amended complaint and related papers to the United States Department of State for service on Venezuela, and the Department of State then delivering the complaint and related papers to the Venezuelan embassy in Washington, D.C., *id.* ¶¶ 27–28; ECF No. 25, was proper pursuant to § 1608(a)(4).

II.  Liability

Defendant defaulted by failing to answer the complaint or otherwise defend this action.  Fed. R. Civ. P. 55(a); 28 U.S.C. § 1608(d) ("In any action brought in a court of the United States . . . a foreign state . . . shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under [FSIA]").

In addition, because Plaintiffs brought this suit against a foreign state, FSIA's standard for granting default judgments applies.  Under 28 U.S.C. § 1608(e), courts can grant default judgments against foreign states only if the moving party "establishes [its] claim or right to relief by evidence satisfactory to the [C]ourt."  Therefore, the Court cannot "unquestioningly accept a complaint's unsupported allegations as true," *Reed*, 845 F. Supp. 2d at 211 (citation omitted), but rather, it must require that the plaintiff set forth "uncontroverted factual allegations, which are supported by . . .

documentary and affidavit evidence," *In re Terrorist Attacks on Sept. 11, 2001*, No. 03 Civ. 9848, 2012 WL 3090979, at *2 n.1 (S.D.N.Y. July 30, 2012) (quoting *Valore v. Islamic Republic of Iran*, 700 F. Supp. 2d 52, 59 (D.D.C. 2010) (alterations in original)).

ACOF 1 SP and ACOF SPC as beneficial owners of the Bonds, and Altana as investment adviser and manager for ACOF 1 SP and ACPF SPC, have contractual standing to bring this action and have authorization from the record holders of the Bonds to bring this action. Bowker Decl. ¶ 110; *see* ECF Nos. 66-32, 66-33, 66-34; *see also Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242, 245 (2d Cir. 2005); *Etevob v. Republic of Argentina*, 471 F. Supp. 2d 432, 443 (S.D.N.Y. 2007) ("[A]n owner of a beneficial interest . . . must receive authorization from the registered holder of the bond before it may sue[.]"), *aff'd sub nom. Mazzini v. Republic of Argentina*, 282 F. App'x 907 (2d Cir. 2008).

As discussed above, Defendant has failed to pay the principal amount and interest as required by the Bonds. *See* Robinson Decl. ¶¶ 3–89. Defendant's failure to make payments required by the Bonds' terms constitutes a breach of contract. *See MMA Consultants 1, Inc. v. Republic of Peru*, 245 F. Supp. 3d 486, 517 (S.D.N.Y.) ("A bond is, of course, a contract, and the obligations and rights of the parties are thus defined by the terms of the bond."), *aff'd*, 719 F. App'x 47 (2d Cir. 2017); *Mun. Cap. Appreciation Partners, I, L.P. v. Page*, 181 F. Supp. 2d 379, 390 (S.D.N.Y. 2002) ("Under New York law, to establish a breach of contract a plaintiff must plead and prove the following elements: (i) the existence of a contract; (ii) breach by the other party; and (iii) damages suffered as a result of the breach.").

Accordingly, Plaintiffs are entitled to default judgment on their breach of contract claims.

III. <u>Damages</u>

Plaintiffs seek $378,038,956.36 in missed principal and interest payments, plus any further principal and interest payments that accrue before the date of judgment. Bowker Decl. ¶ 280;

5

Robinson Decl. ¶ 2; *see* ECF No. 69.  Plaintiffs also request prejudgment interest, post-judgment interest, and attorney's fees.  *See* Robinson Decl. ¶ 2.

Because the Court has found Defendant liable for breaching its contractual obligations to pay amounts that accrued before the filing of the complaint, Plaintiffs can recover damages for the interest payments missed before that date, and the unpaid principal on the Bonds.  *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 495 (2d Cir. 1995) (stating that, in a breach of contract action, damages are generally measured at "the amount necessary to put the plaintiff in the same economic position he would have been in had the defendant fulfilled his contract" (quotation marks and citation omitted)).  In addition, in New York, plaintiffs can recover interest that has been earned between the filing of the complaint and the final judgment.  *NML Cap. v. Republic of Argentina*, 952 N.E.2d 482, 489 (N.Y. 2011).  Therefore, the Court can also award as damages the missed interest payments between the filing of the complaint and the entry of judgment.  *NML Cap. v. Republic of Argentina*, 435 F. App'x 41, 43 (2d Cir. 2011).

Finally, Plaintiffs can recover prejudgment statutory interest, *NML Cap.*, 435 F. App'x at 43–44, and post-judgment interest pursuant to 28 U.S.C. § 1961(a), *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996).  In addition, under the terms of the Registered Global Security for the Bonds, Defendant's default entitles Plaintiffs to "all reasonable and documented out-of-pocket expenses," including "all reasonable counsel fees and court costs . . . incurred in connection with any reasonable investigation of [the default] or the enforcement of the [s]ecurities."  ECF No. 66-23 at 14; *see* Bowker Decl. ¶ 242.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for default judgment is GRANTED.  By **July 19, 2023**, Plaintiffs shall submit an updated proposed default judgment that reflects the amounts due as of the date the proposed default judgment is submitted.  By **July 19, 2023**, Plaintiffs may also

file contemporaneous billing records and other documented expenses in support of an award of fees and costs.

The Clerk of Court is directed to terminate the motion at ECF No. 65.

SO ORDERED.

Dated: July 5, 2023
      New York, New York

                                              ANALISA TORRES
                                        United States District Judge