UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTANA CREDIT OPPORTUNITIES FUND SPC, ALTANA CREDIT OPPORTUNITIES FUND 1 SP, and ALTANA FUNDS LTD. CAYMAN,

                Plaintiffs,

-against-

BOLIVARIAN REPUBLIC OF VENEZUELA,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/16/2023__

20 Civ. 8402 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs move for an award of attorneys' fees and costs and, separately, move to seal portions of an exhibit containing their billing records. For the following reasons, Plaintiffs' motions are GRANTED.

### I.    Motion for Attorneys' Fees and Costs

    On July 5, 2023, the Court granted Plaintiffs' motion for a default judgment in this action for breach of contract against Defendant, the Bolivarian Republic of Venezuela. ECF No. 72. In its order, the Court stated that "under the terms of the Registered Global Security for the Bonds, Defendant's default entitles Plaintiffs to 'all reasonable and documented out-of-pocket expenses,' including 'all reasonable counsel fees and court costs . . . incurred in connection with any reasonable investigation of [the default] or the enforcement of the [s]ecurities." *Id.* at 6 (quoting ECF No. 66-23) (alterations in original); *see* ECF No. 76 ¶ 16 ("Plaintiffs are entitled to attorneys' fees and costs in an amount to be proved after the entry of judgment."). Accordingly, the Court invited Plaintiffs to "file contemporaneous billing records and other documented expenses in support of an award of fees and costs." ECF No. 72 at 6–7.

    On August 18, 2023, Plaintiffs timely moved for attorneys' fees in the amount of $380,258.00 and costs in the amount of $13,822.63, for a total award of $394,080.63. ECF Nos. 78, 79. In support of their motion, Plaintiffs submitted the declaration of David W. Bowker, as well as contemporaneous billing records and expense records. ECF No. 81.

    The Court has reviewed Plaintiffs' submissions and finds that the requested fees are reasonable given the complexity of the litigation and the fact that Plaintiffs paid counsel's bills at these rates. *See Themis Cap. v. Democratic Republic of Congo*, No. 09 Civ. 1652, 2014 WL 4379100, at *7 (S.D.N.Y. Sept. 4, 2014). The Court also finds the requested costs to be reasonable and related to the instant action.

    Accordingly, Plaintiffs' motion for attorneys' fees and costs is GRANTED. The Court shall issue an amended judgment reflecting this order.

## II. Motion to Seal

Plaintiffs also request to seal portions of Exhibit A to Bowker's declaration, which contain narrative descriptions of Plaintiffs' billing records. ECF No. 80; *see* ECF No. 81-1. Plaintiffs argue that portions of these records—which they presented to the Court for *in camera* review—"contain confidential information that is protected from disclosure by the attorney-client privilege or the work-product privilege." ECF No. 80 at 2.

A court considering a sealing request must balance the "common law right of access to judicial documents" against competing considerations, including "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citations omitted). Courts in this circuit have often found "privilege to be a compelling reason to overcome the presumption of access." *Flatiron Acquisition Vehicle, LLC v. CSE Mortg. LLC*, No. 17 Civ. 8987, 2021 WL 4481853, at *2 (S.D.N.Y. Sept. 29, 2021) (collecting cases). Under New York law, "time records and billing statements that are detailed in showing services, conversations, and conferences between counsel and others"—such that the material reveals trial strategy or legal work—are privileged. *Id.* (quotation marks and citation omitted).

Here, Plaintiffs propose to redact portions of a chart detailing legal work completed by Plaintiffs' counsel. The Court has reviewed the billing records *in camera* and determined that they are privileged because they are detailed and would reveal information about trial strategy or legal work if disclosed. Plaintiffs do not propose to redact any information about counsel's billing rates or billed amounts, which are not privileged. *See Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14 Civ. 4394, 2016 WL 2977175, at *6 (S.D.N.Y. May 20, 2016).

Accordingly, Plaintiffs' motion to seal is GRANTED.

## III. Conclusion

The Clerk of Court is directed to terminate the motions at ECF Nos. 78 and 80.

SO ORDERED.

Dated: November 16, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge

2