UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ USDC SDNY                                 │
│ DOCUMENT                                  │
│ ELECTRONICALLY FILED                      │
│ DOC #: _____                │
│ DATE FILED: ___12/7/2023___               │
└─────────────────────────────────────────┘
```

ALTANA CREDIT OPPORTUNITIES FUND
SPC, ALTANA CREDIT OPPORTUNITIES
FUND 1 SP, and ALTANA FUNDS LTD.
CAYMAN,

                               Plaintiffs,

                -against-                                    20 Civ. 8402 (AT)

BOLIVARIAN REPUBLIC OF VENEZUELA,                            **ORDER**

                               Defendant.

ANALISA TORRES, District Judge:

Before the Court is Plaintiffs' motion for an order finding that a "reasonable period of time" has elapsed since the Court entered judgment against Defendant pursuant to 28 U.S.C. § 1610(c). ECF No. 84. For the reasons stated below, Plaintiffs' motion is GRANTED.

On October 8, 2020, Plaintiffs filed this lawsuit against Defendant, alleging breach of contract for its failure to make required payments on a series of bonds issued by Venezuela. ECF No. 1. Plaintiffs amended their complaint six times to allege additional unpaid interest and principal payments. ECF Nos. 12, 24, 42, 51, 59, 62. Defendant failed to appear, and the Court granted default judgment to Plaintiffs on July 19, 2023, ordering Defendant to pay Plaintiffs $589,413,443.82, exclusive of attorneys' fees and costs.[1] ECF No. 72; Judgment, ECF No. 76. Since that date, Defendant has not made any payments on the Judgment. Bowker Decl. ¶ 6, ECF No. 86.

Pursuant to the Foreign Sovereign Immunities Act, the property of an agency or instrumentality of a foreign state within the United States may not be attached "until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any [required] notice[.]" 28 U.S.C. § 1610(c). The statute does not define what constitutes a "reasonable period." Factors that courts consider, however, include "procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months; representations by the foreign state of steps being taken to satisfy the judgment; or any steps being taken to satisfy the judgment; or evidence that the foreign state is about to remove assets from the jurisdiction to frustrate satisfaction of the judgment." *Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (quoting H.R. Rep. No. 1487, at 30 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6629).

Five months have passed since the Court entered the Judgment on July 19, 2023. *See* Judgment. Although "the period of 'reasonable time' will of course vary according to the nuances of

---

[1] The Court amended the default judgment to award Plaintiffs $394,080.63 in attorneys' fees and costs on November 16, 2023. ECF No. 89. As less than one month has passed since the entry of the amended judgment—and because Plaintiffs have not so moved—the Court declines to find, at this time, that a "reasonable period of time has elapsed" since the entry of the amended judgment. 28 U.S.C. § 1610(c).

each case," *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001), shorter periods of time have been considered "reasonable" in numerous cases. *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) (three months); *Ned Chartering*, 130 F. Supp. 2d at 67 (six weeks); *Gadsby & Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (two months). Specifically, courts have found that two and five months were reasonable amounts of time when executing a judgment against Defendant. *OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 419 F. Supp. 3d 51 (D.D.C. 2019); *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 16 Civ. 661, 2017 WL 6349729 (D.D.C. June 9, 2017).

In 2021, moreover, the Court granted an opposed motion under 28 U.S.C. § 1610(c) in *Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela*, a related case, concluding that a reasonable time had passed since the entry of judgment (the "Pharo Gaia Order"). No. 19 Civ. 3123 (S.D.N.Y. May 27, 2021), ECF No. 74. A comparable period of time has now elapsed, *compare* Judgment (entered five months ago), *with* Pharo Gaia Order at 2 (holding that the seven months that had passed since the entry of judgment was a reasonable period of time). The Court sees no reason to depart from its previous reasoning.

For the reasons stated above, therefore, Plaintiffs' motion for an order finding that a "reasonable period of time" has elapsed following the entry of judgment pursuant to 28 U.S.C. § 1610(c) is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 84.

SO ORDERED.

Dated: December 7, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge

2