WILMERHALE

**David W. Bowker**

+1 202 663 6558 (t)
+1 202 663 6363 (f)
david.bowker@wilmerhale.com

October 19, 2026—Via ECF

Hon. Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Altana Credit Opportunities Fund SPC et al. v. Bolivarian Republic of Venezuela*, No. 20-cv-08402-AT

Dear Judge Torres:

Plaintiffs respectfully oppose Venezuela's request to extend its reply deadline from October 21 to October 28, 2026. ECF No. 107. Plaintiffs ordinarily would accommodate reasonable scheduling requests as a matter of course, but these are extreme circumstances. Venezuela has brought a wasteful and meritless motion three years after final judgment, and it fails entirely to explain why additional time for its reply is necessary. The Court should retain the existing briefing schedule. *See* Loc. Civ. R. 6.1(b).

On September 30, 2026, Venezuela moved under Rule 60(b) to vacate this Court's final judgment entered in 2023. ECF No. 100. Venezuela sought a stay pending resolution of its motion on the premise that it faced pressing risk of "irreparable" harm. ECF No. 102 at 24-25. Against that fabricated urgency, Venezuela now requests additional time to complete the briefing that it started without ever consulting Plaintiffs or the Court. The chronology bears emphasis: Following a three-year silence, Venezuela unilaterally chose when to file. It did so knowing when its reply would be due under the Court's Local Rules, and without advance notice to Plaintiffs, let alone any indication that it could not comply with the standard briefing schedule or any offer to negotiate a briefing schedule. Plaintiffs, in turn, filed their opposition by the 14-day deadline, and before then if measured from Venezuela's corrected brief filed on October 2.

Venezuela's counsel regrettably stoops to criticizing Plaintiffs' counsel (ECF No. 107 at 1) for not agreeing to the extension request as a courtesy, while ignoring that Venezuela filed its motion without the courtesy of any notice after years making a mockery of the U.S. judicial process in this and other cases. Here, after Venezuela defaulted on its bonds and failed to pay its debts to Plaintiffs, Venezuela ignored U.S. legal process properly served under U.S. and international law, refused to appear for this Court's adjudication of the case, declined to honor this Court's judgment, and appeared out of the blue for the first time three years after the judgment to claim (falsely) that it had no notice of proceedings it collaterally attacked more than two years ago. That is not the behavior of a party that deserves any extensions, as a courtesy or otherwise.

Venezuela asserts that it has other obligations and must consult with its client, but that hardly warrants moving a deadline on a motion that Venezuela itself filed in these extreme circumstances. The requested delay also sits uneasily with Venezuela's flawed premise that pressing harm requires a stay. Venezuela's request for more time should be denied along with its motion to reopen these proceedings.

Respectfully submitted,

*/s/ David W. Bowker*
David W. Bowker