White and Williams LLP

Thomas E. Butler

810 Seventh Avenue, Suite 500 | New York, NY 10019
Direct 212.714.3070 | Fax 212.631.4431
butlert@whiteandwilliams.com | whiteandwilliams.com

October 20, 2026

**VIA ECF**

Hon. Analisa Torres

United States District Judge

United States District Judge
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15D
New York, New York 10007

**RE:** ***Altana Credit Opportunities Fund SPC, et al. v. Bolivarian Republic of Venezuela*, No. 1:20-cv-8402 (AT) — Pre-Motion Letter Regarding Plaintiffs' Proposed Motion for an Order of Attachment of Blocked PDVSA Funds Held by Non-Party JPMorgan Chase Bank, N.A.**

Dear Judge Torres:

We represent Plaintiffs Altana Credit Opportunities Fund SPC, Altana Credit Opportunities Fund 1 SP, and Altana Funds Ltd. Cayman ("Plaintiffs"), judgment creditors of defendant the Bolivarian Republic of Venezuela ("Venezuela"), and submit this letter under Rule III(A) of Your Honor's Individual Practices in Civil Cases. Plaintiffs intend to move under Federal Rules of Civil Procedure 64 and 69(a), CPLR 5201, 6202, and 6205, and 28 U.S.C. §§ 1609 and 1610(a) and (c), for an order (i) determining that Venezuela's interest, through its alter ego Petróleos de Venezuela, S.A. ("PDVSA"), in certain funds blocked by non-party JPMorgan Chase Bank, N.A. ("JPMCB") is subject to attachment in aid of execution; and (ii) authorizing an order of attachment limited to that interest, to become effective upon issuance of a specific license by the Office of Foreign Assets Control ("OFAC"). Plaintiffs do not seek turnover, and nothing in the proposed order would transfer, alter, or affect blocked property absent an OFAC license. Although Plaintiffs believe the motion falls within the Rule III(A)(i) exceptions for post-judgment motions and for cases "where a delay in filing might result in the loss of a right," they submit this letter out of an abundance of caution and respectfully request leave to file promptly or an expedited schedule.

Venezuela's pending Rule 60(b) motion and stay request do not alter the limited relief Plaintiffs seek. A Rule 60(b) motion does not itself vacate or suspend the Judgment; Plaintiffs seek preservation and attachment, not immediate transfer, and any later execution remains subject to OFAC approval. This narrow posture avoids any suggestion that Plaintiffs seek to disrupt sovereign assets before the Court resolves the stay request, while preserving Plaintiffs' enforcement position in a finite-asset process.

**1. The Judgment.** On November 16, 2023, the Court entered an Amended Default Judgment against Venezuela on fourteen series of defaulted sovereign bonds (the "Judgment"). Before post-judgment interest under 28 U.S.C. § 1961, the Judgment totals $552,835,006.46, inclusive of $55,657,899.18 in statutory prejudgment interest and $394,080.63 in attorneys' fees and costs. Venezuela has paid nothing.

**2. JPMCB's own OFAC reporting identifies PDVSA as the sanctions target.** In response to Plaintiffs' subpoena, JPMCB produced its report of property blocked under the Venezuela sanctions programs and reported to OFAC. For blocked cash totaling approximately $206.5 million, the report identifies PDVSA or Petróleos de Venezuela, S.A. as the "Sanctions Target." The largest entry, $178,772,887.85 held in a demand-deposit account, was blocked on April 3, 2024 under Executive Order 13850 with Petróleos de Venezuela, S.A. listed as the Sanctions Target; other PDVSA-targeted entries are associated with Vitol Inc. ($10,881,321.85), NuStar Logistics LP ($10,025,209.42), and Raytheon Anschütz GmbH ($4,611,009.28), among others. The timing confirms the sanctions nexus. OFAC designated PDVSA under Executive Order 13850 on January 28, 2019, and the earliest PDVSA-targeted block in JPMCB's data occurred on February 1, 2019. No visible entry was blocked before the corresponding designation or status-based blocking date.

JPMCB's report also contains an "Owner of Property" field that frequently names PDVSA's commercial counterparties. Plaintiffs do not contend that this field is irrelevant or that every listed counterparty lacks any interest. That field identifies the party JPMCB reported as owner for OFAC purposes, while the "Sanctions Target" field identifies the sanctioned Venezuelan party whose interest caused the block. JPMCB's decision to block and report these funds with PDVSA as the target is strong evidence that JPMCB did not treat them as ordinary third-party property unrelated to PDVSA, but as property or transactions in which PDVSA had a blocking-relevant interest. That reading follows from the regulations: blocked property includes property "in which [a blocked] person has an interest," 31 C.F.R. § 591.301; property "transferred or attempted to be transferred" to a blocked person "shall be deemed to be property in which such a person has an interest and therefore blocked," *id.* § 591.403(b); and any payment or transfer in which a blocked person "has any interest" must be blocked by the U.S. financial institution that receives it, *id.* § 591.504. Executive Order 13884 independently blocks all property and interests in property of the Government of Venezuela, which it defines to include PDVSA. Plaintiffs therefore seek to reach only PDVSA's and Venezuela's interest in these funds, not any counterparty's interest. The motion excludes entries for which Banco Central de Venezuela is the Sanctions Target, *see* 28 U.S.C. § 1611(b)(1), and does not seek attachment of the PDVSA-related securities entries at this time.

**3. PDVSA's interest is attachable.** The Third Circuit has held that PDVSA is Venezuela's alter ego and that a court may attach PDVSA's non-immune assets to satisfy a judgment against Venezuela. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 139 (3d Cir. 2019). It reaffirmed that holding after the change in Venezuela's recognized government. *OI European Grp. B.V. v. Bolivarian Republic of Venezuela*, 73 F.4th 157 (3d Cir. 2023). A court in this District has likewise noted those holdings. *See G&A Strategic Invs. I LLC v. Petróleos de Venezuela, S.A.*, 788 F. Supp. 3d 616 (S.D.N.Y. 2025). Section 1609 immunity yields where § 1610 applies, and § 1610(a)(1) removes immunity for property in the United States used for a commercial activity in the United States where the foreign state has waived immunity from attachment or execution, as Venezuela did in the bond documents. The funds here arose from PDVSA's commercial oil-trade and vendor transactions and are held in New York. CPLR 6205 authorizes attachment in aid of execution of a money judgment against a foreign state, subject to § 1610, and CPLR 6202 makes attachable debt or property against which a money judgment may be enforced. Because nearly three years have passed since entry of the Judgment, Plaintiffs will also ask the Court to determine under § 1610(c) that a reasonable period of time has elapsed following entry of judgment and the giving of any notice required by § 1608(e).

**4. The Second Circuit's EFT cases do not bar the limited relief requested.** Plaintiffs anticipate the objection that, under *Calderon-Cardona v. Bank of New York Mellon*, 770 F.3d 993 (2d Cir. 2014), *Hausler v. JP Morgan Chase Bank, N.A.*, 770 F.3d 207 (2d Cir. 2014), and *Doe v. JPMorgan Chase Bank, N.A.*, 899 F.3d 152 (2d Cir. 2018), a blocked midstream electronic funds transfer held at an intermediary bank is reachable only where the judgment debtor or its agency or instrumentality transmitted it directly to the blocking bank. Those cases concern turnover, and Plaintiffs do not ask the Court to decide final ownership or order turnover now. For attachment and preservation purposes, the existing JPMCB OFAC reporting identifies specific PDVSA-targeted demand-deposit entries held in New York, including masked account numbers, balances, sanctions targets, owners of property, account types, blocking dates, and balance dates. CPLR Article 62 does not require pre-attachment disclosure before a plaintiff moves for an order of attachment; CPLR 6220 instead authorizes disclosure after an attachment order has been granted. The appropriate course is therefore to attach and preserve only PDVSA's and Venezuela's interests reflected in JPMCB's own reports, while reserving any turnover, Article 4A, priority, account-title, immediate-transferor, OFAC-licensing, or adverse-claim issues for later proceedings if JPMCB, Venezuela, or any interested person contests the property interest or the scope of the levy.

**5. The proposed order is consistent with the sanctions framework.** OFAC has stated that a specific license is not ordinarily required to initiate or continue U.S. legal proceedings against a person blocked under the Venezuela sanctions program, but that a license is required to enforce any judgment or order through judicial process that would transfer or otherwise alter or affect blocked property, including the creation or perfection of any legal or equitable interest in it. OFAC FAQ 808; *see* 31 C.F.R. § 591.202(e). Courts handling Venezuela enforcement matters have reconciled those rules by authorizing attachment conditioned on Executive Branch approval. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 1:21-mc-00046-LPS (D. Del. Mar. 2, 2022) (holding that the sanctions do not prevent the court from authorizing the eventual issuance of a writ of attachment conditioned on Executive Branch approval). On May 1, 2023, OFAC issued a license to the District of Delaware Clerk of Court authorizing issuance of writs of attachment to additional judgment creditors in the related Crystallex sale proceeding. Plaintiffs

propose the same structure. The order would (a) make the § 1610(c) determination; (b) determine that Venezuela's interest, through PDVSA, in the PDVSA-targeted blocked cash at JPMCB is subject to attachment, up to the amount of the Judgment plus post-judgment interest; (c) authorize an order of attachment that becomes effective only upon a specific OFAC license, which Plaintiffs will promptly seek; (d) upon effectiveness of the licensed attachment, preserve those interests, prohibit JPMCB from transferring, releasing, setting off, or otherwise disposing of them except by further Court order or applicable OFAC authorization, and require JPMCB to maintain their existing blocked-property status; (e) before such license issues, direct JPMCB to give Plaintiffs reasonable advance notice of any OFAC license, application, or other development that would permit release or transfer; (f) reserve turnover, priority, adverse-claimant, and OFAC-licensing issues; and (g) provide that nothing in the order authorizes turnover, execution, sale, transfer, or any other transaction involving blocked property absent a specific OFAC license. Executive Order 14373 (Jan. 9, 2026) does not change this analysis because it addresses "Foreign Government Deposit Funds" held by the U.S. Government in designated Treasury accounts, not funds blocked at a private bank.

**6. Proposed schedule.** Plaintiffs propose to file a Notice of Motion, a Memorandum of Law, a supporting affirmation with exhibits, and a proposed order within seven days of the Court's endorsement of this letter, with opposition due fourteen days after service and reply seven days thereafter, consistent with Local Civil Rule 6.1(b). Plaintiffs respectfully request oral argument. Plaintiffs will serve this letter and the motion papers on counsel for Venezuela and PDVSA (Greenberg Traurig, LLP) and on counsel for JPMCB (Hogan Lovells US LLP), and will provide notice to any additional person the Court directs.

We appreciate the Court's consideration of this matter.

Respectfully submitted,

/s/ Thomas E. Butler
Thomas E. Butler
WHITE AND WILLIAMS LLP
*Counsel for Plaintiffs*

cc:
All counsel of record (via ECF);
James L. Bernard, Esq., Hogan Lovells US LLP (counsel for non-party JPMCB) (via email)